UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ANTONIO JOHNSON

                Plaintiff             COMPLAINT

     vs.                             JURY TRIAL DEMANDED

ACQUA ANCIENT BATH LLC

A K A AIRE ANCIENT BATH

               Defendants

----------------------------------------------------------X

Plaintiff Antonio Johnson (hereinafter the Plaintiff) through his undersigned counsel hereby files this Complaint against ACQUA ANCIENT BATH LLC A/K/A/ AIRE ANCIENT BATH, 88 FRANKLIN STREET NY, NY, for injunctive relief, attorneys fees, and costs, (including but not limited to court costs and expert fees) pursuant to 42 U.S.C. sect. 12181, et seq. of the

AMERICANS WITH DISABILITIES ACT (ADA) , the NEW YORK CITY HUMAN RIGHTS LAW (NYCHRL) and the NEW YOR STATE HUMAN RIGHTS LAW (NYSHRL) and alleges:

JURISDICTION AND PARTIES

1. This is an action for declaratory and injunction relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C.  sect. 12181 et seq. (herein after referred to as the "ADA") . This Court is vested with original jurisdiction under 28 U.S.C. set 1331, 1343, 2201 and pursuant to sect 1367(a) , and the Court has supplemental jurisdiction over Plaintiffs claims brought under the law of the State of New York .

2. Upon information and belief the Defendants maintain, manage and control the subject facility established as ACQUA ANCIENT AIRE & BATH and is a place of "Public Accommodation" within the meaning of Title II of the ADA, because its operations affect commerce , and  upon information it also serves as an establishment serving providing food or drink" 42 USC 12181 7 B ; see 28 CFR sect 3 6.104.

3. All events giving rise to this lawsuit occurred in the City and State of New York and as such venue is proper in this Court as the premises are located in the City and State of New York.

4. Defendant ACQUA ANCIENT BATH LLC,  A/ K /A AIRE ANCIENT BATH is the limited liability corporation , name and tradename of the Defendant pool, spa, food service establishment, frozen dessert manufacturer  bathing establishment restaurant, dessert operated at 88 Franklin St New York, N.Y.

5. Defendant ACQUA ANCIENT BATH LLC  is the New York limited Liability corporation that owns and operates  the above pool, food service establishment, etc. .

6. Defendant is licensed by the NYC Dept. of Health and Mental Hygiene as a food service establishment, as a manufacturer of frozen desserts, and as a bathing establishment with pool.

## COUNT 1 -VIOLATIONS OF THE AMERICANS WITH DISABILITY ACT

7. On about July 26, 1990, Congress enacted the Americans with Disability Acct ("ADA), 42 USC of  12101, et seq. Commercial enterprises were provided 1 ½ years to implement its requirements after the effective date of ADA Jan. 26, 1992.

8. Pursuant to 42 USC Sec. 12181 7 , 28 CFR s. 36.106 the subject facility is a place of public accommodation that is a restaurant , which provides goods and services to the public.

9. The Plaintiff is informed and believes and alleges that the subject facility has begun operations, and or undergone substantial remodeling repairs and or alterations since Jan. 26, 1990, and or has sufficient time to make readily achievable accessibility modifications.

10. Defendants have discriminated, continues to discriminate, against the Plaintiff and others who are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and or accommodations at Defendants property, in derogation of 42 USC 12101 et seq. as prohibited by 42 USC s. 12182 et seq, and by failing for to be discriminated against due to the architectural barriers will remove architectural barriers pursuant to 42 USC 12182 b 2 a iv where such removal is readily achievable.

11. Plaintiff had been unable to, and cannot use, and is unable to enjoy full and equal use access to and the benefits of   all the accommodations  and services offered at

defendants property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants property with the intention of using defendant's facilities. Plaintiff was denied access to the subject property and therefore suffered an injury in fact.

12. Plaintiff specifically intends to visit the and pool, food service establishment for frozen desserts, baths and spa in the future. He continues to be injured in that he is unable to, and continues to be injured in this manner, in that he is unable to, and continues to be discriminated against due to the architectural barriers which remain at the subject properties, all in violation of the ADA, the NYS and NYC Human Rights Laws.

13. The barriers to access the bathing establishment with pool, food service establishment for frozen dessert, and other facilities thereat, have effectively denied Plaintiffs ability to visit the property, and have caused embarrassment and frustration by not being able to access the restaurant.

14. Pursuant to the mandates of 42 USC 12134 a on July 26, 1991 the Dept. of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA, known as the American With Disability Act Accessibility Guidelines, (ADAAAG), 28 CFR P. 36, under which said Department may obtain civil penalties of up to $110,00 for the first violation and $150,000fr any subsequent violation.

15. The Defendants subject facility is in violation of 42 USC s.1281 et seq., the ADA and 28 CFR s. 36.302 et seq., and is discriminating against the Plaintiff, inter alia, the following violations, Plaintiff reserves the right to amend additional violations in the future;

SITE SELECTION

16.a   The cross slope of the accessible route is greater than 1:50 ( 2%cross slope); NYC DOT should be notified for these herein; the  City Sidewalk likewise has a greater 2% slope;

16.b. The running slope of the accessible road no greater than 1:20 (5%)measure every 50 feet: City Sidewalk had non compliant transitions.

16.c The accessible route levels change along accessible length by ¼ : the City sidewalk: Appears to be a granite slabs to the curb line with a non compliant slope and transition cement topping from halfway to entry door.

16.d The changes between levels ¼'' and ½'' beveled with a slope no greater than 1:2: here changes is lever are >1/2" between granite and concrete topping

BUILDING

16.  Building Sidewalk: Issue: does the sidewalk have at least 1:50 (2%) cross slope& 1:20 (5%) running slope, :  changes is level > ½ % between granite and concrete topping.

17. Threshold: Exterior door is the threshold doorway no higher than ¾: yes, in violation of 4.13.8 Code.

18. Hardware : All handles, locks laches or other operative device  manageable with one hand, entry door not operable with a closed fist.

19. Hardware: is the force required to operate the door the doors greater than 5 lb,:  on a humid rainy day the door was sticking.

20. Restroom: There is a restroom in lobby which has some non compliant issues, restrooms in both locker rooms are non - compliant.

21. Lobby Restroom: is there signage identifying restrooms as accessible, is the universal sign used and is it on the latch side of the door: Defendant to post compliant signage.

22. Lobby Restroom: does door comply with 4:13:  Small table with paper towels, tissues and toilet paper obstructs clear space at door,

23. Toilet: There are noncompliance side grab bars.

24. Sink: There are no pipe wraps re: hot water pipes and drain insulations, free of abrasive surfaces.

25. Mirror and Accessories: Does the bottom edge of the reflecting surface no higher than 40'' from the floor: mirror to be lowered to compliant height.

26.                          Locker Rooms

27. Sinks Is there a clear floor space at least 30 which allows a forward approach to the sink. Sinks have storage  shelving underneath, remove shelving unit at one sink for access.

28. Showers: Shower stall 36'' x36' or 30' clear: There are 6 non compliant showers: 4 on one side of the room, 2 on opposite side with changing rooms, combine 2 showers into compliant size.

29. Showers : grab bars meet mounting specifications on side wall: Install compliant grab bars is in reconstructed shower

30. Changing rooms: Clear floor space provides an unobstructed turning space compliant with  4.2.3 : There are w non compliant changing rooms: combine into 1 compliant size.

31.                      SWIMMING POOLS SPA

32. Does the accessible route levels change along accessible length by ¼ : approximately 24 steps to pool area not on accessible route, initial alteration should have contemplated elevator installation

33. Theremae 3'9'' 5 steps to bottom: non- compliant

34. Floatadarium 2 small pools: one with a ladder, another with 4 steps: non compliant.

35. Frigadarium 1 small pools one with a ladder ibbther with 4 steps: non- compliant

36. Tepidarmium: largest pool non- compliant 3'9''

37. Massage Rooms : approximately 10 steps to Massage area, not on an accessible route.

## ATTORNEY FEES AND COSTS

38. Plaintiff repeats and realleges the allegations of paragraphs 1-36 as if set forth in their entirety herein.

39. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney fees costs and expenses paid by the Defendants, pursuant to the ADA and the NYC HRL. Plaintiff prays for a judgment pursuant to NYC HRL and NY EXEC Law 297 including all compensatory damages contemplated by s. 297.9 case

40.                    DAMAGES

41. Plaintiff demands compensatory damages in the sum of twenty five thousand dollars ($25,000) per violation of the NYCHL and the NYSHRL severally.

42.                    INJUNCTIVE RELIEF

43. Pursuant to 42 USC s. 12188 ,, this Court is vested with the authority to grant the Plaintiffs injunctive relief ; including an order to alter the subject facilities to make them

readily accessible to, and used by individuals with disabilities to the extent required by the ADA, NYC HRL and the NYS HRL, and closing he subject facilities until the requisite modifications are completed.

44. WHEREFORE THE Plaintiff demands judgment against the Defendants and requests the following injunctive and declaratory relief

45. A. The Court declares that the subject property and subject facility owned, operated, leased and controlled and or administered by the defendants are violative of the ADA, NYS HRL, Executive Law and of the NYS HRL.

46. B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA, the NYCHRL, and the NYSHRL, issue a permanent injunction, ordering the Defendants to remove all violations of the ADA, Executive Law, and Administrative Code, including but not limited to, the violations set forth above.

47. The Court award Plaintiff compensatory damages $25,000. Per violation of the NYS HRL or NYC HRL.

48. The Court issue permanent injunction against Defendants requiring all Defendants and those in concert with them, to provide accessibility by route into the restaurant at the Defendants premises, to Plaintiff and all Individuals who use wheelchairs and to make all public portions of the premises accessible to him, and such like persons.

49. Find Plaintiff is a prevailing party in this lawsuit and award reasonable attorney fees, costs and expenses against the Defendants, and award such other and further relief at law or in equity to which Plaintiff may be justly entitled.

50. Retain jurisdiction of the defendants until the Court is satisfied that the Defendants unlawful practices, acts, omissions no longer exist, and will not reoccur.

51. That Court awards such other and further relief as it deems necessary just and proper.

   JURY DEMANDED

52. Plaintiff demands a jury trial of all issues and facts and damages

Dated New York, N.Y.

Jan. 4, 2018

s/s_____

MARTIN DRUYAN ESQ.

MARTIN DRUYAN AND ASSOCIATES ATTORNEYS

450 7th Ave

NEW YORK, N.Y. 10123   SUITE 3700

212-279-5577, 917 861-4836

MD@DRUYANLAW.COM